449 So.2d 147 (1984)
SUCCESSION OF Mrs. Marie Theresa DUVIO, Divorced Wife by First Marriage of Jacob Zechenelly, and Divorced Wife by Second Marriage of Joseph Dee.
No. CA-1025.
Court of Appeal of Louisiana, Fourth Circuit.
April 6, 1984.
Writ Denied June 1, 1984.
*148 Steven K. Faulkner, Jr. of Morphy, Faulkner & Dimaria, Metairie, for defendant and plaintiff in reconvention-appellant.
Thomas E. Papale, Marksville, for defendant and plaintiff in reconvention-appellee.
Fernand F. Willoz, III, New Orleans, for substituted parties plaintiff-appellee.
Before AUGUSTINE, BYRNES and WARD, JJ.
AUGUSTINE, Judge.
Appellee, Robert J. Duvio, Sr., individually and as testamentary executor for the estate of his mother, Mrs. Marie Duvio, brought this action for collation against his brother Maurice Duvio and his half-sister Mrs. Shirley Osment. Subsequently both Maurice Duvio and Shirley Osment filed reconventional demands and third party demands claiming that collation was due from each other and from Robert Duvio. A judgment was rendered in the trial court ordering Shirley Osment to collate $14,875.78 to the succession of her mother. Mrs. Osment appeals from that judgment. We affirm.
Mrs. Marie Duvio died in 1977 leaving 3 heirs: two sons from her first marriage, Robert and Maurice Duvio, and one daughter from her second marriage, Shirley Osment. During her lifetime Mrs. Duvio gave two gifts of money to her daughter. Those gifts are the subject of this appeal. The first gift Mrs. Osment received was in 1957 in the amount of $5,000 which constituted Mrs. Duvio's share of the community property from her second marriage to Joseph Dee. In addition, in 1970 Mrs. Duvio withdrew $9,875.78 from her savings account and gave it to her daughter.
The decedent disposed of her estate by a statutory will dated March 13, 1968 which states in pertinent part, "I leave to my children, Robert Duvio, Sr., Maurice Zenchenelly, also known as Maurice Duvio, and Shirley Dee, wife of Harry Osment all of the property which I may die possessed, both real and personal to be shared among them equally, share and share alike." In the course of closing the succession an action was brought by Robert Duvio for collation. As a result, the trial court ordered Shirley Osment to collate the total of the two gifts of money, or $14,875.78.
On appeal Mrs. Osment claims that she does not have to collate the gifts of money because those gifts were an extra portion which were dispensed from collation by her mother's will.
Collation, i.e., the "return to the mass of the succession which an heir makes of property which he received in advance of his share...." La.Civ.Code art. 1227, "is always presumed, where it has not been expressly forbidden." La.Civ.Code art. 1230. "But ... things ... shall not be collated, if the donor has formally expressed his will that what he thus gave was an advantage or extra part." La.Civ. Code art. 1231.
There are two methods of declaring the dispensation from collation. The first method of dispensation from collation is express. "The declaration ... may be made, not only in the instrument where such disposition is contained, but even afterwards by an act passed before a notary and two witnesses." La.Civ.Code art. 1232. "The declaration that the gift ... is intended as an ... extra portion may be made in other equivalent terms provided they indicate, in an unequivocal manner, that such was the will of the donor." La. Civ.Code art. 1233.
In Succession of Gomez, 223 La. 859, 67 So.2d 156, 163 (1953) the court established a second method for indicating the dispensation from collation.
[W]e could hold that the donor's intent to dispense collation of a manual gift could be established by the facts and circumstances of the case. Under this latter holding the donee would have the burden of establishing the intent to dispense by strong and convincing proof so as to overcome the presumption of collation...
*149 The Gomez rationale has been followed in the more recent case of Succession of Skye, 417 So.2d 1221 (La.App. 3rd Cir. 1982). In Skye the issue was whether a check made payable to the plaintiff by the decedent in the amount of $10,000 was subject to collation. The plaintiff introduced into evidence a birthday card and several letters written by the decedent in which the decedent clearly and unequivocally stated that the plaintiff was being given the $10,000 because the decedent had given many gifts to her other children. The Skye court held that by that evidence the donee had clearly and convincingly proven that the decedent intended to dispense from collation the $10,000 gift.
In accord with Skye, Mrs. Osment would have us hold that her mother dispensed with the collation of the cash gifts she gave to the appellant by means of the phrase in the decedent's will, "all of the property which I may die possessed." The appellant contends that by that phrase, Mrs. Duvio intended that her three children share only the property which she actually possessed at the time of death. We cannot agree with that contention. The phrasing of the decedent's will does not unequivocally dispense with collation. Furthermore, there was no other evidence submitted at trial which showed any intention on the part of Mrs. Duvio to exempt the gifts to Mrs. Osment from collation.
For the foregoing reasons we believe that Mrs. Duvio's gifts to Shirley Osment in the amount of $14,875.78 must be collated. The decision of the trial court is hereby affirmed.
AFFIRMED.